**STRAFFI & STRAFFI, LLC**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
Attorney for Plaintiff

Daniel E. Straffi

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| Fisher, Ryan M. | Chapter 7 proceeding |
| Debtor. | Case No. 24-18214/MBK |
| Daniel E. Straffi, Trustee, | Adv. Proceeding No. |
| Plaintiff, | |
| v. | |
| Hirschman Garage & Speed a/k/a Hirschman Speed, Tony Hirschman and Matthew Hirschman | **COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, DAMAGES, AN ACCOUNTING, TURNOVER OF PROPERTY AND OTHER RELIEF** |
| Defendants. | |

Plaintiff, Daniel E. Straffi, Trustee having offices located at 670 Commons Way, Toms River, New Jersey, 08755, complaining of Defendants, Hirschman Garage and Speed a/k/a Hirschman Speed, Tony Hirschman and Matthew Hirschman, says:

## JURISDICTION

1. On August 19, 2024, (the "filing date"), Ryan M. Fisher (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 USC §101, et seq. ("the Bankruptcy Code").

2. This is an adversary proceeding instituted pursuant to Bankruptcy Rule 7001 of the Federal Rules of Bankruptcy Procedure seeking to recover a fraudulent transfer under 11 USC §544, §548, §547 and §542.

3. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 USC §1334.

4. This adversary proceeding is a core proceeding within the meaning of 28 USC §157(b)(2) and, accordingly jurisdiction is conferred upon the United States Bankruptcy Court for the District of New Jersey.

5. Venue is proper in this Court pursuant to 28 USC §1409(a).

**PARTIES**

6. The Debtor is an individual with a mailing address of 13 East Garfield Ave., Atlantic Highlands, NJ 07716.

7. Plaintiff is the Trustee in Debtor's bankruptcy case having been appointed on August 20, 2024.

8. Defendant, Hirschman Garage & Speed a/k/a Hirschman Speed is a business having an address at 704 Mud Ln., Northampton, PA 18067.

9. Defendants, Tony Hirschman and Matthew Hirschman, upon information and belief, are the owners and/or operators of Defendant, Hirschman Garage & Speed a/k/a Hirschman Speed.

## FACTS

10. On or about June 29, 2020, the debtor became the owner of premises at 48 Hosford Avenue, Middletown, New Jersey.

11. On or about November 16, 2023, the debtor sold the premises to Alison F. Mendez for the stated consideration of $699,900.00. A copy of the Deed of transfer is annexed hereto as Exhibit "A".

12. At the time of the sale, the debtor had a significant amount of debt that had arisen from the failure of his businesses and owing +/-$500,000.00 to US Small Business Administration (hereinafter "USBA"), +/-$60,000.00 to the State of New Jersey Division of Taxation and +/-$70,000.00 to the Internal Revenue Service (hereinafter "IRS").

13. From the sale the debtor received net proceeds in the sum of $184,115.30 which he deposited into an account held by him at Chase Bank with his girlfriend, Andrea Card. A copy of the closing statement is annexed as Exhibit "B".

14. None of the monies deposited from the sale were used to pay off the debts owed to the USBA, the State of New Jersey Division of Taxation, or the IRS.

15. Instead, from the aforesaid monies, the debtor paid $15,793.30 (hereinafter the "Transfer") to the Defendants. A copy of the check evidencing payment is annexed as Exhibit "C".

16. The Defendants paid no consideration to Debtor for the Transfer and the Debtor, according to his petition, owned no racing car or other related vehicles or equipment that could have had a causal connection to the Transfer.

17. The debtor was hopelessly insolvent at the time of the transfer and his liabilities far exceeded the monies remaining from the sale of his home.

18. Moreover, at the time of the transfer, in addition to the debts set forth in Par. 11 hereof, the debtor had pending against him a lawsuit that had been filed by 201 Rutgers Street Associates LLC in the Superior Court of New Jersey, Essex County, ESX-L-5491-23, which ultimately resulted in a judgment entered on February 16, 2024 in the sum of +/- $205,556.80.

**COUNT I**
**(11 USC §548)**

19. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. Upon information and belief, the Debtor transferred the aforesaid property with actual intent to hinder, delay and/or defraud his creditors in violation of 11 U.S.C. §548(a)(1)(A).

21. Additionally, and/or alternatively, in the Transfer(s) described above, the Debtor received less than a reasonably equivalent value in exchange for such Transfer(s) in violation of 11 U.S.C. §548(a)(1)(B).

22. The Debtor was insolvent on the date that such Transfer(s) was made or became insolvent as a result of such Transfer(s).

23. Such Transfer(s) should be recovered by Plaintiff under §§542 and 550 of the Bankruptcy Code.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a) Declaring that the Transfer(s) by the Debtor be declared fraudulent, and that the same be set aside and declared void as against Plaintiff;

(b) Granting Plaintiff judgment against Defendants for an accounting, damages, costs and counsel fees; and

(c) Granting Plaintiff such other and further relief as is just.

**COUNT II**
**(11 USC §544)**

24. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

25. Additionally, and/or alternatively, the Debtor made the Transfer(s) without receiving a reasonably equivalent value for the said Transfer(s) and the Debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay them as they became due. (11 U.S.C. §544(b) and N.J.S.A. 25:2-25(b)(2)).

26. Additionally, and/or alternatively, the Debtor made the said Transfer(s) without receiving a reasonably equivalent value for the Transfer(s) while insolvent. (11 U.S.C. §544(b) and N.J.S.A. 25:2-27(a)).

27. Additionally, and/or alternatively, the Debtor became insolvent as a result of the said Transfer(s). (11 U.S.C. §544(b) and N.J.S.A. 25:2-27(b)).

28. The Transfer(s) of the aforesaid property as heretofore described was made with the actual intent to hinder, delay and/or defraud creditors to which the Debtor was or became indebted on or after the date of such Transfer violation of 11 U.S.C. §544(b) and N.J.S.A. 25:2-27(a)).

29. The Transfer(s) should be recovered by the Plaintiff under §542 and §550 of the Code.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a) Declaring that the Transfer(s) by the Debtor be declared fraudulent, and that the same be set aside and declared void as against Plaintiff and that the same be set aside and declared void as against Plaintiff;

(b) Granting Plaintiff judgment against Defendants for damages, attorneys fees and costs; and

(c) Granting Plaintiff such other and further relief as is just.

**COUNT III**
**(UNJUST ENRICHMENT)**

30. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31. The Debtor enriched and benefited Defendants by making the Transfer(s).

32. The Defendants appreciated or knew that the Debtor was providing a benefit to it in the form of the Transfer(s).

33. The Defendants recognized, accepted, and retained all of the benefits of the Transfer(s).

34. Because the Debtor received no consideration for the Transfer(s), it would be inequitable and unjust for Defendants to retain the Transfer(s). Further, permitting Defendants to retain the Transfer(s) would cause an unjust detriment to the Debtor's bankruptcy estate.

35. Defendants should be required to pay the Trustee the value of the Transfer(s).

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, as follows:

(a) Avoiding the Transfer(s);

(b) For damages in an amount equal to the value of the Transfer(s), together with interest and costs of suit; and

(c) Granting such other relief that this Court deems just and equitable.

**COUNT IV**
**(MONEY HAD AND RECEIVED)**

37. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

38. As the Debtor received no consideration for the Transfer(s) equity and good conscience requires that Defendants pay the Trustee the value of the Transfer(s).

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, as follows:

(a) Avoiding the Transfer(s);

(b) For damages in an amount equal to the value of the Transfer(s), together with interest and costs of suit;

(c) Granting such other relief that this Court deems just and equitable.

**RESERVATION OF RIGHTS**

39. The Plaintiff reserves the right, to the extent permitted under the Bankruptcy Code or by agreement, to assert additional claims or causes of action against any

third party relating to the subject matter of this action or otherwise.

40. During the course of this proceeding, the Plaintiff may learn, through discovery or otherwise, of additional avoidable and recoverable obligations, payments or other transfers, claims, or causes of action. The Plaintiff reserves the right to amend this Complaint to include: (i) additional information regarding the claims for relief herein; (II) additional claims or causes of action; (iii) additional information regarding and/or modifications to the name of any of the Defendants; and or (iv) additional Defendants, and for any such amendments to relate back to this Complaint.

Dated: 8/15/26

DANIEL E. STRAFFI
Attorney for Plaintiff

# Monmouth County Document Summary Sheet

| | | |
|---|---|---|
| MONMOUTH COUNTY CLERK<br>PO BOX 1251<br>MARKET YARD<br>FREEHOLD NJ 07728 | **Transaction Identification Number** | 6921000 8446235 |
| | **Recorded Document to be Returned by Submitter to:**<br>ALL JERSEY TITLE LLC<br>195 FAIRFIELD AVE STE 2A<br>WEST CALDWELL, NJ 07006 | |
| **Official Use Only** | **Submission Date** *(mm/dd/yyyy)* | 11/17/2023 |
| | **No. of Pages** *(excluding Summary Sheet)* | 4 |
| | **Recording Fee** *(excluding transfer tax)* | $70.00 |
| | **Realty Transfer Tax** | $6,245.00 |
| | **Total Amount** | $6,315.00 |
| | **Document Type** | DEED/NO EXEMPTION FROM REALTY TRANSFER FEE |
| | **Electronic Recordation Level** | L2 - Level 2 (With Images) |
| | **Municipal Codes**<br>MIDDLETOWN | 3207 |

CHRISTINE GIORDANO HANLON
COUNTY CLERK
MONMOUTH COUNTY, NJ

INSTRUMENT NUMBER
2023081130
RECORDED ON
Nov 20, 2023
11:55:21 AM
BOOK:OR-9668 PAGE:3179
Total Pages: 6

REALTY TRANSFER FEES $6,245.00
COUNTY RECORDING FEES $70.00
TOTAL PAID $6,315.00

1466680

**Additional Information (Official Use Only)**

** DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

EXHIBIT
A

Not Certified Copy

# Monmouth County Document Summary Sheet

| | | |
|---|---|---|
| DEED/NO EXEMPTION FROM REALTY TRANSFER FEE | Type | DEED/NO EXEMPTION FROM REALTY TRANSFER FEE |
| | Consideration | $699,900.00 |
| | Submitted By | ALL JERSEY TITLE LLC (CSC/INGEO SYSTEMS INC) |
| | Document Date | 11/06/2023 |

**Reference Info**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | | |

| GRANTOR | Name | Address |
|---|---|---|
| | RYAN M FISHER | |

| GRANTEE | Name | Address |
|---|---|---|
| | ALISON F MENDEZ | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 32 | 677 | 6 | | 3207 |

** DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF MONMOUTH COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Not Certified Copy

# Deed

Prepared By: ______________________
Walter G. LaCicero, Esquire

This Deed is made on November 6, 2023 and delivered on November 16th, 2023

| | | |
|---|---|---|
| **BETWEEN** about to reside at | Ryan M. Fisher, single 13 E Garfield Avenue, Atlantic Highlands, New Jersey 07716 | Referred to as Grantor |
| **AND** about to reside at | Alison F. Mendez, married 48 Hosford Avenue, Middletown, New Jersey 07737 | Referred to as Grantee |

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**TRANSFER OF OWNERSHIP**. The Grantors grant and convey the property described below to the grantees. This transfer is made for the sum of $699,900.00 (Six Hundred Ninety-Nine Thousand Nine Hundred Dollars and Zero Cents) for which Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE**. N.J.S.A. 46:15-2.1. Municipality of the Township of Middletown, also known as: 48 Hosford Avenue, Middletown, New Jersey 07737

**Block: 677 Lot: 6**

**PROPERTY**. The property consists of the land and all the buildings and structures on the land in the Township of Leonardo, County of Monmouth, State of New Jersey. Commonly known as 48 Hosford Avenue, Leonardo, New Jersey 07737.

***See annexed legal description***

Being the same premises conveyed to Ryan M. Fisher, by deed from 8 Old Farm Road, LLC, dated 06/29/2020, recorded 07/13/2020 in the Monmouth County Clerk's/Register's Office in Deed Book 9426, Page 5272.

This conveyance of title (transfer of ownership) is made subject to any statutes or ordinances affecting the use of the property; easements, covenants and restrictions of record; and such facts as an accurate survey or inspection of the property would reveal.

**PROMISES OF GRANTOR**: The grantor promises that the grantor has done no act to encumber the property. This promises is called a "covenant as to grantor's acts (N.J.S.A. 46:4-6). This promise means that the grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the grantor).

Not Certified Copy

## LEGAL DESCRIPTION
### (Schedule A)

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Middletown, County of Monmouth, State of New Jersey:

Beginning at an iron pipe in the easterly line of Hosford Avenue (50' R.O.W.), said point being distant southerly 658.68' from the intersection of the southerly line of Bryant Avenue (50' R.O.W.) with the easterly line of Hosford Avenue and thence,

1. S. 86 degrees 15 minutes 00 seconds E. 237.06' to a point and thence,

2. S. 03 degrees 45 minutes 00 seconds W. 125.00' to a point and thence,

3. N. 86 degrees 15 minutes 00 seconds W. 231.38' to an iron pin in the easterly line of Hosford Avenue and thence,

4. Along the same, N. 01 degrees 09 minutes 00 seconds E. 125.13' to the point or place of beginning.

The above described lands are known as Lot 6 in Block 677 as shown on the current Official Tax Maps of the Township of Middletown. Premises also known as Lot 2 as shown on a certain map entitled "Hosford Acres", filed in the Monmouth County Clerk's Office on 8/15/1957 as Case No. 62-21

Premises more commonly known as 48 Hosford Avenue.

The above description is in accordance with a survey prepared by Brunswick West, Inc. dated 10/16/2023 as File No. 23.1657.

Tax Lot: 6 Block: 677 Tax Map of the Township of Middletown, County of Monmouth, State of New Jersey
NOTE: Lot and Block shown for informational purposes only.

Not Certified Copy

**SIGNATURES.** The Deed is signed and attested to by the Grantors as evidenced by their signatures and seals below.

Ryan M. Fisher

STATE OF NEW JERSEY :
COUNTY OF Monmouth : SS

I CERTIFY that on November 6th, 2023, **Ryan M. Fisher** personally came before me and acknowledged under oath, to my satisfaction, that this/these person(s)

(a) is/are named in and personally signed this Deed;
(b) signed, sealed and delivered this Deed as their act and deed; and
(c) made this Deed for $699,900.00 as full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5)

VINCENT THOMAS
NOTARY PUBLIC, NEW JERSEY
COMM# 2307172
COMMISSION EXPIRES ON 10/29/2028

Notary Public

VINCENT THOMAS
NOTARY PUBLIC, NEW JERSEY
COMM# 2307172
COMMISSION EXPIRES ON 10/29/2028

**Record & Return To:**

ALL JERSEY TITLE, LLC
195 Fairfield Avenue
Suite 2A
West Caldwell, NJ 07006
Phone: (973)618-0566
SDL-29121

VINCENT THOMAS
NOTARY PUBLIC, NEW JERSEY
COMM 2307172
COMMISSION EXPIRES ON 10/29/2028

Not Certified Copy

GIT/REP-3
(2-21)
(Print or Type)

# State of New Jersey
## Seller's Residency Certification/Exemption

### Seller's Information

Name(s)
Ryan M. Fisher, single

Current Street Address
13 E Garfield Avenue

City, Town, Post Office: Atlantic Highlands | State: NJ | ZIP Code:

### Property Information

Block(s): 677 | Lot(s): 6 | Qualifier:

Street Address
8 Hosford Avenue

City, Town, Post Office: Middletown | State: NJ | ZIP Code: 07737

| Seller's Percentage of Ownership | Total Consideration | Owner's Share of Consideration | Closing Date |
|---|---|---|---|
| 100 | 699,900.00 | 699,900.00 | 11/6/23 |

### Seller's Assurances (Check the Appropriate Box) (Boxes 2 through 16 apply to Residents and Nonresidents)

1. ☒ Seller is a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to the New Jersey Gross Income Tax Act, will file a resident Gross Income Tax return, and will pay any applicable taxes on any gain or income from the disposition of this property.
2. ☐ The real property sold or transferred is used exclusively as a principal residence as defined in 26 U.S. Code section 121.
3. ☐ Seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.
4. ☐ Seller, transferor, or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.
5. ☐ Seller is not an individual, estate, or trust and is not required to make an estimated Gross Income Tax payment.
6. ☐ The total consideration for the property is $1,000 or less so the seller is not required to make an estimated Income Tax payment.
7. ☐ The gain from the sale is not recognized for federal income tax purposes under 26 U.S. Code section 721, 1031, or 1033 (CIRCLE THE APPLICABLE SECTION). If the indicated section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey Income Tax return for the year of the sale and report the recognized gain.
   ☐ Seller did not receive non-like kind property.
8. ☐ The real property is being transferred by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this State.
9. ☐ The real property being sold is subject to a short sale instituted by the mortgagee, whereby the seller agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.
10. ☐ The deed is dated prior to August 1, 2004, and was not previously recorded.
11. ☐ The real property is being transferred under a relocation company transaction where a trustee of the relocation company buys the property from the seller and then sells the house to a third party buyer for the same price.
12. ☐ The real property is being transferred between spouses or incident to a divorce decree or property settlement agreement under 26 U.S. Code section 1041.
13. ☐ The property transferred is a cemetery plot.
14. ☐ The seller is not receiving net proceeds from the sale. Net proceeds from the sale means the net amount due to the seller on the settlement sheet.
15. ☐ The seller is a retirement trust that received an acknowledgment letter from the Internal Revenue Service that the seller is a retirement trust, and is therefore not required to make the estimated Gross Income Tax payment.
16. ☐ The seller (and/or spouse/civil union partner) originally purchased the property while a resident of New Jersey as a member of the U.S. Armed Forces and is now selling the property as a result of being deployed on active duty outside of New Jersey. (Only check this box if applicable and neither boxes 1 nor 2 apply.)

### Seller's Declaration

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein may be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that a Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

11/6/23 [signature]
Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact

Date | Signature (Seller) | Indicate if Power of Attorney or Attorney in Fact

Not Certified Copy

American Land Title Association | ALTA Settlement Statement – Seller
Adopted 05-01-2015

All Jersey Title, LLC
ALTA Universal ID:
195 Fairfield Ave
Suite 2A
West Caldwell, NJ 07006

| | |
|---|---|
| File No./Escrow No.: | SDL-29121 |
| Print Date & Time: | 11/13/2023 4:12 PM |
| Officer/Escrow Officer: | All Jersey Title, LLC |
| Settlement Location: | 195 Fairfield Ave, Suite 2A, West Caldwell, NJ 07006 |
| Property Address: | 48 Hosford Ave<br>Leonardo, NJ 07737-1738 |
| Buyer: | Alison F. Mendez, married |
| Seller: | Ryan M. Fisher |
| Lender: | JPMorgan Chase Bank, N.A., ISAOA |
| Settlement Date: | November 16, 2023 |
| Disbursement Date: | November 16, 2023 |
| Additional dates per state requirements: | |

| Description | Seller | |
|---|---|---|
| | Debit | Credit |
| **Financial** | | |
| Sales Price of Property | | 699,900.00 |
| Seller Credit | 2,500.00 | |
| Excess Deposit | 10,000.00 | |
| | | |
| **Prorations/Adjustments** | | |
| City/Town Taxes 11/16/2023 to 12/31/2023 | | 1,417.11 |
| Sewer Adjustment 11/16/2023 to 12/31/2023 | | 40.00 |
| | | |
| **Loan Charges to JPMorgan Chase Bank, N.A., ISAOA** | | |
| | | |
| **Other Loan Charges** | | |
| | | |
| **Impounds** | | |
| 4th qtr 2023 Property Taxes to Middletown, Tax Collector POC (Seller) $2834.22 | | |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| | | |
| **Commission** | | |
| Real Estate Commission Buyers Broker to Christie's International Real Estate Group | 13,798.00 | |
| Real Estate Commission Sellers Broker to Re/Max First Class | 14,198.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |

Copyright 2015 American Land Title Association
All rights reserved





EXHIBIT
B

| American Land Title Association | ALTA Settlement Statement – Seller Adopted 05-01-2015 | |
|---|---|---|
| **Description** | **Seller** | |
| | **Debit** | **Credit** |
| Transfer Taxes to Clerk of MONMOUTH County | 6,245.00 | |
| | | |
| **Payoff(s)** | | |
| PennyMac (Payoff Loan #8035111412) ~ (Payoff Amount: $467,987.21) | 467,987.21 | |
| | | |
| **Miscellaneous** | | |
| Attorney Fee to Walter G. LaCicero | 2,115.00 | |
| Reimbursement to Charles O'Rourke | 165.00 | |
| Sewer Balance thru 4th qtr 2023 Acct#34668 to Middletown Sewerage | 163.60 | |
| Wire/Courier Fee to All Jersey Title, LLC | 70.00 | |
| | | |

| | **Seller** | |
|---|---|---|
| | **Debit** | **Credit** |
| **Subtotals** | **$517,241.81** | **$701,357.11** |
| | | |
| Due To Seller | $184,115.30 | |

Copyright 2015 American Land Title Association
All rights reserved

American Land Title Association | ALTA Settlement Statement – Seller
Adopted 05-01-2015

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize All Jersey Title, LLC to cause the funds to be disbursed in accordance with this statement.

Seller: Ryan M. Fisher

Scot D. Lever, Escrow Agent

Copyright 2015 American Land Title Association
All rights reserved



File #: SDL-29121
Printed on 11/13/2023 4:12 PM

# Closing Disclosure

## Closing Information

| | |
|---|---|
| Date Issued | |
| Closing Date | 11/16/2023 |
| Disbursement Date | 11/16/2023 |
| Settlement Agent | All Jersey Title, LLC |
| File # | SDL-29121 |
| Property | 48 Hosford Ave<br>Leonardo, NJ 07737-1738 |
| Sale Price | $699,900 |

## Transaction Information

| | |
|---|---|
| Borrower | Alison F. Mendez, married |
| Seller | Ryan M. Fisher |

## Summaries of Transactions

SELLER'S TRANSACTION

| | | | |
|---|---|---|---|
| **M. Due to Seller at Closing** | | | $701,357.11 |
| 01 Sale Price of Property | | | $699,900.00 |
| 02 Sale Price of Any Personal Property Included in Sale | | | |
| 03 | | | |
| 04 | | | |
| 05 | | | |
| 06 | | | |
| 07 | | | |
| 08 | | | |
| **Adjustments for Items Paid by Seller in Advance** | | | |
| 09 City/Town Taxes | 11/16/2023 | to 12/31/2023 | $1,417.11 |
| 10 County Taxes | | to | |
| 11 Assessments | | to | |
| 12 Sewer Adjustment | 11/16/2023 | to 12/31/2023 | $40.00 |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| **N. Due from Seller at Closing** | | | $517,241.81 |
| 01 Excess Deposit | | | $10,000.00 |
| 02 Closing Costs Paid at Closing (J) | | | $36,754.60 |
| 03 Existing Loan(s) Assumed or Taken Subject to | | | |
| 04 PennyMac (Payoff Loan #8035111412) | | | $467,987.21 |
| 05 Payoff of Second Mortgage Loan | | | |
| 06 | | | |
| 07 | | | |
| 08 Seller Credit | | | $2,500.00 |
| 09 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| **Adjustments for Items Unpaid by Seller** | | | |
| 14 City/Town Taxes | | to | |
| 15 County Taxes | | to | |
| 16 Assessments | | to | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| **CALCULATION** | | | |
| Total Due to Seller at Closing (M) | | | $701,357.11 |
| Total Due from Seller at Closing (N) | | | ($517,241.81) |
| Cash ☐ From ☒ To Seller | | | $184,115.30 |

## Contact Information

| | |
|---|---|
| **REAL ESTATE BROKER (B)** | |
| Name | Christie's International Real Estate Group |
| Address | 756 River Road, |
| License ID | 2182678 |
| Contact | Cynthia Meehan |
| Contact_License ID | 0898996 |
| Email | |
| Phone | |
| **REAL ESTATE BROKER (S)** | |
| Name | Re/Max First Class |
| Address | 113 Tindall Road, |
| License ID | 1756880 |
| Contact | Charles O'Rourke |
| Contact_License ID | 0123887 |
| Email | |
| Phone | |
| **SETTLEMENT AGENT** | |
| Name | All Jersey Title, LLC |
| Address | 195 Fairfield Avenue, Suite 2A, |
| License ID | 1022412 |
| Contact | Scott Lever |
| Contact_License ID | 43568 |
| Email | info@alljerseytitlellc.com |
| Phone | (973) 618-0566 |

**Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Closing Cost Details

| Loan Costs | Seller-Paid At Closing | Seller-Paid Before Closing |
|---|---|---|
| **A. Origination Charges** | | |
| **B. Services Borrower Did Not Shop For** | | |
| **C. Services Borrower Did Shop For** | | |
| 01 ALTA 8.1-06 Environmental Protection Lien to All Jersey Title, LLC | | |
| 02 ALTA 9-06 Restrictions, Encroachments, to All Jersey Title, LLC | | |
| 03 Closing Service Letter to All Jersey Title, LLC | | |
| 04 E Recording to All Jersey Title, LLC | | |
| 05 E-Mail Package Fee to All Jersey Title, LLC | | |
| 06 Examination & County Search Charge to All Jersey Title, LLC | | |
| 07 Flood Hazard Certificate to All Jersey Title, LLC | | |
| 08 Metes and Bounds Description to All Jersey Title, LLC | | |
| 09 NJ Secondary Mortgage Market Endorsement to All Jersey Title, LLC | | |
| 10 NJ Survey Endorsement to All Jersey Title, LLC | | |
| 11 Notice of Settlement - Purchase to All Jersey Title, LLC | | |
| 12 Photocopy Fee to All Jersey Title, LLC | | |
| 13 Settlement & Closing Services Charge to All Jersey Title, LLC | | |
| 14 Tax and Assessments to All Jersey Title, LLC | | |
| 15 Tidelands Search to All Jersey Title, LLC | | |
| 16 Title - Loan Policy Premium: JPMorgan Chase to All Jersey Title, LLC | | |
| 17 Transaction Management Fee to All Jersey Title, LLC | | |
| 18 US District Ct & US Superior Ct Search to All Jersey Title, LLC | | |

## Other Costs

| | | Seller-Paid At Closing | Seller-Paid Before Closing |
|---|---|---|---|
| **E. Taxes and Other Government Fees** | | | |
| 01 Recording Fees | Deed: $110.00 Mortgage: $255.00 | | |
| 02 Transfer Taxes | to Clerk of MONMOUTH County | $6,245.00 | |
| **F. Prepaids** | | | |
| 01 Homeowner's Insurance Premium | | | |
| 02 Mortgage Insurance Premium | | | |
| 03 Prepaid Interest from 11/16/2023 to 12/1/2023 | | | |
| 04 Property Taxes | | | |
| 05 4th qtr 2023 Property Taxes to Middletown, Tax Collector | | | $2,834.22 |
| **G. Initial Escrow Payment at Closing** | | | |
| **H. Other** | | | |
| 01 Attorney Fee | to Pollack & Rosen, P.A. | | |
| 02 Attorney Fee | to Walter G. LaCicero | $2,115.00 | |
| 03 Courier Fee | to Pollack & Rosen, P.A. | | |
| 04 Real Estate Commission Buyers Broker | to Christie's International Real Estate Group | $13,798.00 | |
| 05 Real Estate Commission Sellers Broker | to Re/Max First Class | $14,198.00 | |
| 06 Reimbursement | to Charles O'Rourke | $165.00 | |
| 07 Sewer Balance thru 4th qtr 2023 Acct#34668 | to Middletown Sewerage | $163.60 | |
| 08 Survey Fee | to Brunswick West, Inc. | | |
| 09 Title - Owner's Policy Premium (optional) | to All Jersey Title, LLC | | |
| 10 Wire/Courier Fee | to All Jersey Title, LLC | $70.00 | |
| **J. TOTAL CLOSING COSTS** | | $36,754.60 | $2,834.22 |

By signing, you are only confirming that you have received this form.

Walter [signature]

Signature Date Signature Date

RYAN MICHAEL FISHER
48 HOSFORD AVE
LEONARDO, NJ 07737-1738

2384

1-2/210

DATE 12/14/23

PAY TO THE ORDER OF Hirschman Speed $ 15,793.30

Fifteen Thousand Seven Ninety Three 30/100 DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

⑆021000021⑆ [redacted] 77⑈ 2384

20231215 004600375400 03000425

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

EXHIBIT
C